UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____X

**U.S. Bank Trust National Association, as Trustee, for ABS Loan Trust,**
     **Plaintiff,**

v.

**Edward J. Abell, III, Individually;**
**Edward J. Abell, III, as Trustee of the**
**Abell Family Revocable Living Trust,**
**Shilo M. McLeod-Abell f/k/a Shilo**
**Luciano-Abell, Individually; Shilo M.**
**McLeod-Abell f/k/a Shilo Luciano-Abell as**
**Trustee of the Abell Family Revocable**
**Living Trust; Deutsche Bank National**
**Trust Company as Trustee for Indymac**
**Indx Mortgage Loan Trust 2007-AR5,**
**Mortgage Pass-Through Certificates**
**Series 2007-AR5; the United States**
**Department of Justice, U.S. Attorney's**
**Office for the District of Massachusetts; and**
**The Commonwealth of Massachusetts,**
**Department of Revenue,**
     **Defendants.**

_____X

Civil Action No.

VACANT PROPERTY:
24 Lawndale Circle
Gloucester, MA 01930

## COMPLAINT

NOW COMES the Plaintiff, U.S. Bank Trust National Association, as Trustee, for ABS Loan Trust ("U.S. Bank"), by and through its attorneys, Doonan Graves and Longoria LLC, hereby files this Complaint for judicial foreclosure with respect to the property located at 24 Lawndale Circle, Gloucester, MA 01930 (the "Property"). U.S. Bank advances its complaint by alleging the following:

### PARTIES

1.     U.S. Bank is a holding company organized and existing under the laws of the State of Delaware with its principal place of business located at 60 Livingston Avenue, St. Paul,

MN 55107. U.S. Bank is acting solely in its capacity as Trustee for ABS Loan Trust.

2. Edward J. Abell, III is an individual who, upon information and belief, is currently incarcerated at FMC Devens, 42 Patton Road, Ayer, MA 01432, and whose domicile is located at 8 Meredith Lane 20, Fryeburg, ME 04037.

3. Shilo M. McLeod-Abell f/k/a Shilo Luciano-Abell is an individual who, upon information and belief, currently resides 14 Proctor Street, Apartment 2, Gloucester, MA 01930.

4. Deutsche Bank National Trust Company as Trustee for Indymac Indx Mortgage Loan Trust 2007-AR5, Mortgage Pass-Through Certificates Series 2007-AR5 ("Deutsche Bank") is a foreign corporation organized and existing under the laws of the State of California with its principal place of business located at 2000 Avenue of the Stars, Los Angeles, CA 90067. Deutsche Bank is the holder of a first Mortgage on the Property dated February 16, 2007 and recorded with the Essex County (Southern District) Registry of Deeds in Book 26577, Page 178 (the "Senior Mortgage"), as affected by an Assignment of Mortgage dated September 10, 2019 and recorded in Book 37878, Page 581.[1]

5. The United States Department of Justice, United States Attorney's Office for the District of Massachusetts is a division of the United States Government with its offices located at 1 Courthouse Way, Boston, MA 02210.

6. The Commonwealth of Massachusetts, Department of Revenue is a division of the Massachusetts State Government with its offices located at 100 Cambridge Street, Boston, MA 02204.

## JURISDICTION

7. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity)

---

[1] *See* Exhibits A & B (true and correct copies of the Senior Mortgage and Assignment of Mortgage are attached hereto and incorporated herein).

because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1651, any court of the United States may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law; further any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is the mortgage loan, currently owned by U.S. Bank, of which the Defendants, Edward J. Abell, III and Shilo M. McLeod-Abell f/k/a Shilo Luciano-Abell (hereinafter collectively referred to as the "Mortgagors") are the obligors/mortgagors, and the total amount owed under the terms thereof is in excess of one hundred four thousand five hundred thirty-three and 97/100 ($104,533.97) dollars, plus attorney fees and costs associated with the instant action and foreclosure. Further, the subject mortgage loan was secured by the Property, of which U.S. Bank seeks a Judgment of Foreclosure in the instant action, and which is valued at approximately seven hundred ninety-eight thousand and 00/100 ($798,000.00) dollars. Thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

9. Venue is properly exercised pursuant to 28 U.S.C. § 1391(b)(2) insofar as all or a substantial portion of the events that give rise to U.S. Bank's claims transpired in Massachusetts and the property is located in Massachusetts.

## FACTUAL ALLEGATIONS

10. On February 16, 2007, Edward J. Abell, III executed and delivered a Promissory Note in favor of Indymac Bank, F.S.B., a federally chartered savings bank ("Indymac"), in the amount of ninety-three thousand and 00/100 ($93,000.00) dollars ("Abell Note").[2]

11. U.S. Bank is the holder/owner of the Abell Note, which is endorsed in blank.[3]

12. To secure the debt evidenced by the Abell Note, the Mortgagors gave a Mortgage on the Property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Indymac, dated February 16, 2007 and recorded with the Essex County (Southern District) Registry of Deeds in Book 26577, Page 197 ("Abell Mortgage").[4]

13. On January 28, 2019, the United States Department of Justice, United States Attorney's Office for the District of Massachusetts recorded a Notice of Lien for Fine and/or Restitution ("Notice of Lien") with the Essex County (Southern District) Registry of Deeds in Book 37294, Page 294, which affects title to the Property.[5]

14. The Defendants defaulted under the terms of the Abell Mortgage Loan as a result of their failure to make the April 1, 2019 payment and all subsequent payments due thereunder.[6]

15. As a result of their default, on June 17, 2019, Select Portfolio Servicing, Inc. ("SPS"), the authorized servicer of the Abell Mortgage Loan, sent the Mortgagors a 90-day Notice of Right to Cure ("Notice of Right to Cure") pursuant to G.L. c. 244, § 35A and the terms of the Abell Mortgage Loan Contract.[7]

16. On June 17, 2019, together with the Notice of Right to Cure, SPS sent the Mortgagors a

---

[2] *See* Exhibit C (a true and correct copy of the original Abell Note is attached hereto and incorporated herein).
[3] *See* Exhibit C.
[4] *See* Exhibit D (a true and correct copy of the Abell Mortgage is attached hereto and incorporated herein).
[5] *See* Exhibit E (a true and correct copy of the Notice of Lien is attached hereto and incorporated herein).
[6] *See* Exhibit F (a true and correct copy of the Notice of Right to Cure is attached hereto and incorporated herein).
[7] *See* Exhibit F.

Notice of Right to Request a Modified Mortgage Loan pursuant to G.L. c. 244, § 35B ("Section 35B Notice").[8]

17. The Mortgagors failed to cure their default by the September 18, 2019 deadline set forth in the Notice of Right to Cure, and the Abell Mortgage Loan was referred to the office of the undersigned counsel for foreclosure.

18. On January 14, 2020, the Commonwealth of Massachusetts, Department of Revenue recorded a Notice of Massachusetts Tax Lien with the Essex County (Southern District) Registry of Deeds in Book 38190, Page 19, which affects all property owned by the Defendant, Shilo McLeaod-Abell.[9]

19. On May 19, 2020, U.S. Bank, through the office of the undersigned counsel, conducted an on-site inspection of the Property.[10]

20. Based upon the observations at the May 19, 2020 on-site inspection, the Property is confirmed to be vacant.[11]

21. The Abell Mortgage was assigned from MERS to U.S. Bank by virtue of an Assignment of Mortgage dated June 8, 2020 and recorded with the Essex County (Southern District) Registry of Deeds in Book 38616, at Page 257 ("U.S. Bank Assignment").[12]

## COUNT I
## SERVICEMEMBERS CIVIL RELIEF ACT

22. U.S. Bank repeats and re-alleges paragraphs 1 through 21 as fully set forth herein.

23. A search of the Department of Defense Manpower Data Center online records, conducted

---

[8] *See* Exhibit F, p. 11.
[9] *See* Exhibit G (a true and correct copy of the Notice of Massachusetts Tax Lien is attached hereto and incorporated herein).
[10] *See* Exhibit H (a true and correct copy of the Affidavit of Patrick D. Beaton, Esq. is attached hereto and incorporated herein).
[11] *See* Exhibit H.
[12] *See* Exhibit I (a true and correct copy of the U.S. Bank Assignment is attached hereto and incorporated herein).

on September 22, 2020, indicates that the Mortgagors are not currently on active duty with the United States Military.[13]

24. As such, the Mortgagors are not entitled to the benefit of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 (*et seq*).

25. U.S. Bank seeks a judicial determination that the Mortgagors are not entitled to the benefit of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 (*et seq*).

## COUNT II
## BREACH OF CONTRACT

26. U.S. Bank repeats and re-alleges Paragraphs 1 through 25 as fully set forth herein.

27. The Abell Mortgage Loan Contract represents a binding, enforceable agreement between the Parties.[14]

28. The Mortgagors defaulted under the terms of the Abell Mortgage Loan Contract due to their failure to make the April 1, 2019 payment, and all subsequent payments due thereunder.[15]

29. As a result of their default, the Mortgagors are in breach of the terms of the Abell Mortgage Loan Contract.

30. Injustice can only be avoided by awarding damages and interest, plus costs and expenses including attorney fees.

## COUNT III
## CONDITIONAL JUDGMENT

31. U.S. Bank repeats and re-alleges paragraphs 1 through 30 as fully set forth herein.

---

[13] *See* Exhibit J (a true and correct copy of the Search Results from the Department of Defense Manpower Data Center is attached hereto and incorporated herein).
[14] *See* Exhibits C & D.
[15] *See* Exhibit F.

32. The Property was determined to be vacant as of May 19, 2020.[16]

33. Because it is vacant, the Property is not subject to the foreclosure moratorium established under Chapter 65 of the Acts of 2020.[17]

34. The Mortgagors are in default under the terms of the Abell Mortgage Loan Contract as a result of their failure to make the April 1, 2019 payment, and all subsequent payments due thereunder.[18]

35. The Mortgagors' default constitutes a material breach of the Abell Mortgage Loan Contract.[19]

36. U.S. Bank is the mortgagee of the Abell Mortgage.[20]

37. U.S. Bank is the holder/owner of the Abell Note.[21]

38. As a result of the Mortgagors' default, U.S. Bank is entitled to foreclose the Abell Mortgage Loan by sale of the Property.[22]

39. Pursuant to G.L. c. 244, §§ 3 & 11, this Court should award a Conditional Judgment authorizing U.S. Bank to sell the Mortgagors' interest in the Property pursuant to the statutory power of sale incorporated into the Abell Mortgage Contract.

## COUNT IV
## FORECLOSURE BY EXERCISE OF THE STATUTORY POWER OF SALE

40. U.S. Bank repeats and re-alleges paragraphs 1 through 39 as fully set forth herein.

41. As the Property is vacant, it is not subject to the foreclosure moratorium established under

---

[16] *See* Exhibit H.
[17] *See* An Act Providing for a Moratorium on Evictions and Foreclosures During the COVID-19 Emergency, 2020 Mass. Legis. Serv. Ch. 65 § 5(a) (WEST Apr. 20, 2020).
[18] *See* Exhibit F.
[19] *See* Exhibits C & D.
[20] *See* Exhibits D & I.
[21] *See* Exhibit C.
[22] *See* Exhibit D, p. 10 ¶ 21.

Chapter 65 of the Acts of 2020.[23]

42. U.S. Bank alleges, upon information and belief, that the Defendants are the only persons holding an equity of redemption in the Property covered by the Abell Mortgage as it appears in the Essex County (Southern District) Registry of Deeds and as known to the Plaintiff.

43. The Abell Mortgage incorporates by reference the statutory power of sale found at G.L. c. 183, § 21.[24]

44. The Mortgagors are in default under the terms of the Abell Mortgage Loan Contract as a result of their failure to satisfy their payment obligations thereunder.[25]

45. Pursuant to G.L. c. 183, § 21, as incorporated within the terms of the Abell Mortgage, upon the entry of a Conditional Judgment in its favor, U.S. Bank seeks to proceed with a foreclosure sale of the Mortgagors' interest in the Property due to their default.

46. Pursuant to G.L. c. 244, § 11, upon entering a Conditional Judgment in favor of U.S. Bank, the Court should order the Mortgagors' interest in the Property to be sold pursuant to the statutory power of sale at G.L. c. 183, § 21.

WHEREFORE, U.S. Bank requests that this Court:

1. Find that the Mortgagors are not entitled to the benefit of the Servicemembers Civil Relief Act;

2. Find that the Mortgagors are in breach of the Abell Mortgage Loan Contract;

3. Enter a Conditional Judgment in favor of U.S. Bank;

4. Order the Mortgagors' interest in the Property sold pursuant to the statutory power of sale

---

[23] *See* 2020 Mass. Legis. Serv. Ch. 65 § 5(a).
[24] *See* Exhibit D, p. 10 ¶ 21.
[25] *See* Exhibit F.

found at G.L. c. 183, § 21 as incorporated within the terms of the Abell Mortgage Contract; and

5. For such other and further relief as the Court deems just and equitable.

                                      Respectfully Submitted,

                                      U.S. Bank Trust, N.A., as Trustee for as Trustee, for ABS Loan Trust,
By its attorneys,

Dated: October 8, 2020                        /s/ Reneau J. Longoria
                                      Reneau J. Longoria, Esq. (BBO #635118)
                                      Brian C. Linehan, Esq. (BBO #690437)
                                      Elizabeth W. Dailey, Esq. (BBO #562178)
                                      Doonan, Graves & Longoria, LLC
                                      100 Cummings Center Suite 225D
                                      Beverly, MA 01915
                                      Tel. (978) 921-2670
                                      rjl@dgandl.com

U.S. Bank, as Trustee v. Edward J. Abell, III, et al.
24 Lawndale Circle, Gloucester MA 01930
DG&L File No.: 56337                               9